UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WARREN AND ELMA MAYLEY**                                **CIVIL ACTION**

**VERSUS**                                                **No. 07-4429**

**THE HARTFORD FINANCIAL SERVICES GROUP, INC.**           **SECTION: I/4**

### ORDER AND REASONS

Before the Court is a motion for reconsideration filed on behalf of plaintiffs, Warren and Elma Mayley.[1] Plaintiffs ask the Court to reconsider its decision of January 16, 2008, dismissing plaintiffs' complaint without prejudice for failure to prosecute.[2] For the following reasons, plaintiffs' motion is **GRANTED**.

### *BACKGROUND*

Plaintiffs filed their complaint in this Court on August 27, 2007, against defendant, the Hartford Financial Services Group, Inc., for, *inter alia*, breach of contract, breach of its duties pursuant to La. Rev. Stat. §§ 22:658 and 22:1220, and negligent misrepresentation.[3] Defendant was allegedly, at all pertinent times, plaintiffs' homeowner's insurer.

Plaintiffs claim that after filing the complaint, they experienced difficulty serving defendant. Plaintiffs initially attempted to serve defendant through the Louisiana Secretary of

---

[1] Rec. Doc. No. 10.

[2] Rec. Doc. No. 8, order of January 16, 2008, dismissing plaintiffs' complaint; Rec. Doc. No. 9, judgment entered in favor of defendant.

[3] Rec. Doc. No. 1.

State.[4]  On December 28, 2007, plaintiffs requested reissuance of summons so that service could be attempted once again.[5]  However, in light of the fact that plaintiffs discovered that "the Hartford Financial Services Group, Inc." was not the proper name of the defendant that plaintiffs intended to sue, plaintiffs' initial service on the secretary of state and subsequent request for reissuance of summons were of no moment.[6]

On December 14, 2007, because no indication of service had been filed, the Court ordered plaintiffs to appear on January 16, 2008, and show cause why the case should not be dismissed.[7]  Plaintiffs failed to appear, and the Court subsequently dismissed their complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.3E.[8]  On January 27, 2008, plaintiffs filed this motion for reconsideration, asking the Court to relieve them from the

---

[4]Rec. Doc. No. 3.

[5]Rec. Doc. No. 5.

[6]Plaintiffs' counsel advised this Court's chambers that plaintiffs' initial service on the secretary of state and the subsequent request for reissuance of summons were ineffectual because Hartford Financial Services Group, Inc., is not a legal entity.

[7]Rec. Doc. No. 4.

[8] The Federal Rule provides:  "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  This Rule allows the Court to dismiss the action *sua sponte*.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) ("A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order.").
  The Local Rule similarly provides:  "Unless good cause is shown at the time of the call of the docket why issue has not been joined, the case may be dismissed without prejudice for failure to prosecute."  Unif. Jt. La. Loc. R. 41.1E&M.

dismissal order.[9]  Defendant did not file an opposition.

### *LAW AND ANALYSIS*

The *Federal Rules of Civil Procedure* do not expressly recognize motions for reconsideration.  *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000).  A motion for reconsideration filed within ten days after the district court's judgment is entered will be recharacterized as a motion to alter or amend the judgment and construed pursuant to Rule 59(e).  *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).  A motion for reconsideration filed more than ten days after the entry of judgment is treated as a Rule 60(b) motion for relief from judgment.  *Dial One of the Mid-South, Inc. v. Bellsouth Telecomms., Inc.*, 401 F.3d 603, 606 (5th Cir. 2005).  This motion, filed on January 27, 2008, was filed within ten days of the Court's order which was entered on January 16, 2008.[10]  Accordingly, a Rule 59(e) analysis is appropriate.[11]

A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Waltman v. Int'l Paper Co.*, 875 F.2d

---

[9] Rec. Doc. No. 10.

[10] Rule 6 provides the standards for computing time.  Fed. R. Civ. P. 6.  When the period of time being computed is less than eleven (11) days, Rule 6 mandates excluding intermediate weekends and legal holidays.  *Id.*

[11] Ultimately, a Rule 59(e) analysis is more generous to the plaintiff, saving the motion from the "exacting substantive requirements" of Rule 60(b).  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-74 (5th Cir. 1990).

468, 473 (5th Cir. 1989).  A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e).  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).

Although the Court dismissed plaintiff's complaint without prejudice, a dismissal without prejudice in a case where a new complaint will be time-barred is treated as a dismissal with prejudice.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. Oct. 1981) ("Where further litigation on the claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.").

Plaintiff's claims arise pursuant to a homeowner's policy for damage allegedly caused by Hurricane Katrina.  The Louisiana Legislature statutorily extended the deadline to file claims related to Hurricane Katrina until September 1, 2007.  La. Rev. Stat. Ann. § 22:658.3 (2006).  Plaintiff's claims were, therefore, timely filed on August 27, 2007, but such claims would not be timely if refiled at any time after the Court's dismissal.

"Dismissals with prejudice are 'reserved for the most egregious cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." *Boudwin v.*

*Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (*quoting Rogers v. Kroger*, 669 F.2d 317, 320 (5th Cir. 1982)). "Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant." *Id.* (*citing Morris v. Ocean Sys., Inc.*, 730 F.2d 248 (5th Cir. 1984)).

Plaintiffs argue that the case was not dormant because they were actively trying to serve the proper defendant.[12] While plaintiffs concede that there was a lack of diligence in failing to respond to the docket call, they request that lesser sanctions be levied against them.[13] The Court can find no indication of an intentional delay on plaintiffs' part. Although plaintiffs should have appeared before the Court for its docket call, plaintiffs' conduct is not so egregious as to warrant the severe sanction of a dismissal with prejudice. *See, e.g.*, *Batty-Hoover v. Ella Austin Cmty. Ctr.*, 156 F.2d 181 (5th Cir. 1998) (reversing a district court's dismissal with prejudice because the court did not attempt a lesser sanction); *Boudwin*, 756 F.2d at 401 (noting that plaintiff was "less than diligent" in his efforts to effect service, but finding no evidence, such as prejudice to the defendant or intentional procrastination on the

---

[12] Rec. Doc. No. 10-3, p. 3.

[13] *Id.* In *Boudwin*, the Fifth Circuit noted that "'Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket.'" 756 F.2d at 401 (*quoting Rogers*, 669 F.2d at 321-22).

5

part of the plaintiff, that would warrant dismissal with prejudice); *Easley v. Pace Concerts, Inc.*, No. CIV. A. 98-2220, 1999 WL 649632, at *3 (E.D. La. Aug. 25, 1999) (Vance, J.) (reopening a previously dismissed case because the plaintiff did not have an opportunity to present the full merits of her case and because defendant did not offer any support for its argument that it would be prejudiced).

Accordingly,

**IT IS ORDERED** that plaintiffs' motion for reconsideration[14] is **GRANTED** and the above-captioned case is **REOPENED**.

**IT IS FURTHER ORDERED** that plaintiffs amend their complaint to name the **proper defendant** in this case no later than **Thursday, April 3, 2008**.

**IT IS FURTHER ORDERED** that plaintiffs shall file evidence of service of process on the **proper defendant** no later than **Thursday, April 24, 2008**.  Failure to do so will result in the dismissal of the above-captioned case.

New Orleans, Louisiana, March 25th, 2008.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[14] Rec. Doc. No. 10.